morning good morning your honors and may it please the court Doug Keller on behalf of Mr. Garcia the district court committed reversible error at Mr. Garcia's revocation hearing when it found that he committed the founding offense there's simply insufficient evidence to sustain that charge the government had the burden to prove by preponderance of the evidence that Mr. Garcia's guilty plea to 8 U.S.C. section 1325 but all that guilty plea establishes is that Mr. Garcia entered or eluded examination that guilty plea then can't make it more likely than not that Mr. Garcia entered the government has also claimed that eluding examination requires an entry but that's simply not correct the most apparent way in which that is not correct by simply  looking at the statute 1325 1325 a1 requires an entry how can you elude examination and not enter the country well that is examination take place in Mexico the examination takes place essentially at the border and where at the border at the border inside the United States at the physical border so for instance you mean there's a there's a border zone which is neither Mexico nor the United States no it's it's physically in the United States well then if if he eludes examination in the United States is he not in the United States he's not for purposes the statute because of the way is he in the United States when he's examined if he eludes examination he's he might be physically in the United States but it's why didn't he had to have entered no I just I disagree your honor because entry has a technical definition this context entry has two components it has physically being in the United States which we have established and it also requires the alien to be free from official restraint which we don't have here so if I could give your honor an example someone who if there's some immigration officer watching him as he walks across the border then he's not free from physical restraint that's that's sort of a classic example another example is individuals who run through a port of entry so those individual are typically any indication when he pleaded guilty to the 1325 that he was under official restraint there's essentially no evidence in the record at all about what happened when he physically crossed into the United States so we don't know and because the government carries the burden of proof that means they failed to establish he committed the found an offense the only evidence in the record that even arguably addresses his physical crossing the United States and whether he was under official restraint is the guilty plea which I think doesn't get us anywhere because it doesn't prove by preponderance and we have the probable cause complaint Where did he enter the guilty plea? The 1325? He entered the guilty plea in the Southern District of California So physically present? Yes he was definitely physically present and we don't dispute that he... Is it your claim that when he entered the guilty plea he was under official restraint from the time he came across the border? Our contention is that the government never established to the contrary But he pled guilty specifically to illegal entry, right? 1325A, illegal entry. That's right, that's the name of the statute No, no, but that's the crime, illegal entry and entry means you're free of official restraint The last part is right, I think the first part isn't right. He pled guilty to 1325A1 or A2. A1 does in fact require an entry but A2 requires an eluding examination which is different than an entry so by simply pleading guilty you can't establish by preponderance of the evidence that he entered the United States. If he's eluding examination, how can he be under physical restraint? Well, the example I gave your honor at the very beginning, if someone crosses over at the border, they're physically in the United States, but if a border patrol agent is watching him, he's not free from official restraint. It seems to me that if he's eluded examination, he's not being under the watchful eye of the federal agents. I disagree your honor I mean, like I said, the classic case of eluding examination is someone at If he's under watchful eye of the federal agent, he hasn't eluded examination. It's a bit ambiguous, but I think the answer to your honor's question is that the eluding examination takes place at the physical border. And I think the best case I can point you to for that problem If he eludes examination at the physical border, he's not under the official restraint at all times since he came across. I disagree When you elude examination at the border, all you're doing is not going to a proper port of entry and submitting to examination at the border. So, for instance, this case has very few cases on what eluding means, but of the few cases it has is Racon Jimenez That's a case the government actually cited in its 28-J. And there someone ran across the border in the middle of the desert and this court held that was eluding examination. Why? Because he didn't go through a proper port of entry But the clearest example of someone who eludes examination is someone at the port of entry who simply runs through a port of entry. I don't know if your honors have seen the videos of what the border looked like 10-15 years ago, but they'll show you videos at the border of people literally just running through a port of entry, attempting to gain admission into the United States. Every one of those individuals who was caught eluded examination because they didn't submit to the examination at the actual port of entry, but they nevertheless eluded examination And that's the reason why they eluded examination, but they also were never free from official restraint because border patrol surrounds the area and controls the area so they're always under the control of border patrol So you want us to find that you can elude something and still be under constant observation? Yes, exactly. How is that possible? What case says that? What case says that eluded means not eluded? Means you're actually being watched all the time? It depends on what you're eluding though, your honor. You're not eluding immigration officers, what you're eluding is the inspection. So again, someone who runs through a port of entry has eluded the examination at the border. They have not eluded immigration officers though, they're just different concepts. But he pled guilty, I mean the count, count 2 that he pled guilty to was eluding immigration officers. It doesn't say eluding immigration inspection point, count 2 says eluding immigration officers. That count though is a reference to the statute. Well, that's what he's convicted under. It has to be a reference to the statute. Right, so I'm saying that the statute though requires not just an eluding examination of the immigration officers, that's simply a shorthand reference to the statute. And if you look at 1325A2 it says that you must have eluded examination or inspection by immigration officers. I'm kind of losing track of where we are. You don't quarrel with the fact that he entered unlawfully under 1325, right? That's right, he pled guilty to that. Right, the problem is that the judge then found him to be in violation of a more serious offense under 1326. That's right, Your Honor. Now for 1326, you can commit that, what, one of three ways? Attempted entry, entry, or being found in. That's right, Your Honor. The judge found, it was the third version, he found he didn't just enter or attempted to enter, he was found in. That's right, Your Honor. In order to make out the found in offense, you have to show that he somehow got in here and was able to be here free of official restraint before he was located, right? That's right, Your Honor. And as to that point, the judge apparently took judicial notice of a charging document declaration, is that right? The charging document and the parallel 1325 and then the complaint that was attached to the charging document. And without his having taken judicial notice of that, that element would not have been established, if I understand correctly. I think even if he could have properly taken judicial notice of that... He would play along with me, is that right? Without the judicial notice, that's why he took judicial notice, because there was an absence of proof that he came in without official restraint. That's right, Your Honor. That was brought to the judge's attention. He said, okay, then I'm going to take judicial notice of this paper. That's right, Your Honor. And the government apparently now takes the position that he shouldn't have taken judicial notice. I think the government is silent on that question. I think the government claims, to put words in their mouth, that it's irrelevant whether he took judicial notice of the complaint, but the charging instrument itself is enough. If the judge was not allowed to take judicial notice of this document, and if looking at the charge you can't treat the charging document as evidence, I take it your position is there was no evidence that he alluded, or he came in free of official restraint. Is that what it boils down to? I think I would definitely win if that were true, but I think I'm taking also the alternative position that even if the court could have considered the complaint, and even if the court could have considered the charging document, I still think there's insufficient evidence in the record. Now, I think it's a much easier question for me if that did not properly come in, but I think even if it did... How can the charge be evidence? The charge is not evidence. The charge is the charge. Right. So I guess the charging instrument plus the guilty plea to the charging instrument. And the guilty plea was to a different charge. That was the 1325, not 1326. Right. Yes, Your Honor. I'm sorry. When you synthesize all of this, there was no evidence that he not only entered, but was free of official restraint, which is necessary for 1326. That's right, Your Honor. If there's no further questions, I'll reserve the rest of my time. Okay. You've got about 20 seconds or so left. Thanks. Good morning. Good morning, Your Honors. May it please the Court, Scott Jones for the United States. And if I can address, sir, your last question. Sure. You can take the charging document to the 1325 misdemeanor as evidence because he pled to it. So he admitted in doing so all of the elements of the charging document. Of 1325? Yes, sir. He was found guilty of 1326. He was not found guilty, Your Honor. He was found to be in violation of the 1326. Yes, Your Honor. And the only element that is under dispute at all to that finding is whether or not, as the Court previously noted, he had entered the United States. But that's for entry. What about for found in? The found in requirement, Your Honor, still requires that he, at some point in time, have entered. The official restraint doctrine applies to that as well. And if I can begin where Mr. Keller did with the plain text of the statute, that demonstrates that you cannot elude examination or inspection by immigration officers while being under official restraint. Specifically, 1325A2 criminalizes eluding examination or inspection by immigration officers plural. And that S is more significant than you would think because it requires the government to prove, before convicting someone of that statute, that they made it past more than one immigration officer. It would be beyond belief to think that Congress would essentially give you one free bite at the apple, one free customs officer, one free border patrol agent, not criminalize making it past him, but only criminalize making it past the second. In fact, that means that the plural must refer to the immigration authorities collectively. Under 1326, what's the difference between attempted entry, entry, and found in? Your Honor, for attempted entry, the United States does not have to prove that you were ever free from official restraint. And entry? And for entry, we would have to prove that you were free from official restraint. Similarly for found in. What's the difference between entry and found in? Very little. Well, I suggest that the cases say that the difference is under found in, you have to show that a person somehow made it into the country without official restraint and then thereafter was found. Yes, Your Honor, exactly. Okay, and that's what this guy was found to have violated. Yes, Your Honor. And what's the evidence of that additional stuff for found in? His guilty plea to eluding. Because you can't elude without being free from official restraint, Your Honor. That is clear, I argue, from the plain text of the statute. Well, but the statute says, 1325A2 says, eludes examination or inspection. It doesn't say eludes observation. Examination and inspection are subsets of observation, don't you think? You can be observed while not being examined or inspected. I mean, doesn't 1325A2 really contemplate that the person is interacting with an immigration officer? I mean, that's what you examine someone in an interaction. You inspect someone in an interaction. Observation can be totally outside of those two. Yes, Your Honor, but if you have been under observation and then you're caught, you have not successfully eluded examination or inspection. It just happened at the end of your period of observation. So Garcia here had, because he admitted successfully eluding, he admitted that he had at some point in time... Well, but 1325 is just about entry. It's just about improper entry. So if you enter without inspection or examination, maybe you violated 1325A2. But you're taking it broader than that. You're saying if he gets caught after entry... Your Honor, I'm taking the... That's not what the statute talks about. That's some other issue. But this is the point of entry, that little moment of time when you step into the U.S. Point of entry, right? That's correct, Your Honor. So if you bypass inspection and examination, you're arguably guilty under 1325A2. But if you enter while being observed and elude inspection and examination, are you guilty of 1325A2? If you have eluded... I'm sorry, if you have been under official restraint from the moment you cross the border until the moment you are caught, you have not eluded examination and inspection the same way that you have not, in the legal context, entered the United States. You would not use the term... If someone were to say to you the escape prisoner eluded the authorities for two days, you would not think that for the entire period of time that person had been under official restraint. Elude, the past tense of elude, implies success. If you are under observation the whole time you are trying to get away from the authorities, you are definitely trying to elude, but you have not eluded until you have, at some point in time, escaped from them or escaped their observation. But when does entry stop? I mean, under your theory, entry just goes on no matter how much time the alien's been in the U.S. Entry has to have a temporal boundary or it means nothing. Respectfully, your honor, I think this court's cases, if, and this is factually incredibly unlikely to happen, but if the immigration authorities watched someone cross the border and followed them and kept them in sight all the way to Chicago, that person would not have legally entered the United States. Unless there are any further questions, your honors, I will submit. Thank you very much. Mr. Keller, you've got just a few seconds left. Two quick brief points, your honors. First, the examination, an eluded examination has to take place at the physical border. And if you, if, I'll just point the court to Racco and Jimenez, one of the cases the government cites establishes that. Second, if the government's right, they have essentially decriminalized port running. Under the government's theory, there's simply no way you could prosecute someone for port running because they can't be guilty under A-1 because A-1 only applies to people at the port of entry. They can't be guilty under A-3 because A-3 requires some sort of affirmative misrepresentation. So they have to be guilty of A-2. But anyone who runs through the port of entry will never be free from official restraint if they're caught. So that person who's caught at the port of entry will have essentially not the government's own reading. That's not what Congress intended. If there's no further questions... I don't think so. Thank you very much, gentlemen. The case just argued is submitted.
judges: Donato, Silverman, Bea